UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
United States of America,

      Plaintiff,

 - against -

Michael Anthony Wood

      Defendant.
------------------------------------------X

CR-88-0723 (CPS)
CV-94-4652 (CPS)
CV-96-2498 (CPS)
CV-02-1678 (CPS)
CV-06-2851 (CPS)

MEMORANDUM OPINION
AND ORDER

SIFTON, Senior Judge.

 On September 12, 1989, Michael Anthony Wood ("Wood") was convicted of (1) one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846; (2) one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii); and (3) one count of using and carrying a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1). On December 17, 2007, Wood filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] For the reasons set forth below, the government is directed to state its position in writing regarding

---

[1] 18 U.S.C. 3582(c)(2) states:

 in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2)

the merits of Wood's claim on or before January 22, 2008, and to produce defendant before the undersigned on February 4, 2008, when the motion will be argued.

**Background**

Familiarity with the underlying facts and procedural history of this case, as set forth in prior decisions, is presumed. Only those facts relevant to the present motion are discussed.

Defendant was convicted after trial of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and one count of using and carrying a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1).

At the time of his sentencing, the United States Sentencing Guidelines ("Sentencing Guidelines") range for defendant's offense was 235 to 292 months, based on an offense level of 38 and a criminal history category of I, including a two point enhancement for obstruction of justice due to defendant's perjury at trial.[2] I sentenced defendant to concurrent sentences of 235 months imprisonment on the conspiracy and substantive drug counts

---

[2] Wood's base offense level was 36 on account of his possession of between 500 grams and 1.5 kilograms of cocaine base.

and to a consecutive 60-month prison sentence on the gun count. In a nonpublished order issued on March 2, 1990, the Court of Appeals affirmed Wood's conviction.

Wood moved to vacate his conviction for violating 18 U.S.C § 924(c)(1) and to modify his sentence on the drug counts. In a May 15, 1998 Memorandum Opinion and Order, I vacated Wood's conviction on the gun count in light of *Bailey v. U.S.*, 516 U.S. 137 (1995), and ordered that Wood be resentenced on the drug counts.

At the May 20, 1999 resentencing, Wood was found to have a total offense level of 40, including a two point enhancement for possession of a gun and an additional two point enhancement for obstruction of justice. With a criminal history of I, the applicable guideline sentencing range was 292 to 365 months. I decided to downwardly depart from that sentence to impose concurrent terms of 264 months on each count, in light of Wood's post-conviction rehabilitation and, "his acknowledgment . . . of his responsibility for both the offense and for testifying falsely during his trial."

On November 1, 2007, Amendment 706, as further amended by Amendment 711, to Sentencing Guideline § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two

levels the base offense levels applicable to cocaine base ("crack") offenses. On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted to apply the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which will implement the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

Wood filed the instant *pro se* motion on December 17, 2007, after the Sentencing Commission voted to apply Amendment 706, as amended by Amendment 711, retroactively to crack offenses. On January 4, 2008, the Court issued an order for the government to show cause why the relief requested in Wood's motion should not be granted.[3]

**Discussion**

The government argues that Wood's motion should be dismissed because it is premature and requests that the Court defer any consideration of his motion until after March 3, 2008.

As a preliminary matter, the Court notes that contrary to the government's position, *see* Letter dated January 14, 2008, p. 1, the amendments which will take effect on March 3, 2008, do not

---

[3] The Order to Show Cause incorrectly referred to Wood's motion as a petition and referred to Wood as the Petitioner rather than the Defendant. The caption has been changed accordingly.

require Congressional review. Congress has delegated to the Sentencing Commission the power to make Sentencing Guidelines changes retroactive. *See Braxton v. U.S.*, 500 U.S. 344, 348 (1991)("Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in USSG § 1B1.10, which sets forth the amendments that justify sentence reduction.").[4] Furthermore, "[a]mendments to policy statements and commentary may be promulgated and put into effect at any time." U.S.S.C. Rules of Practice and Procedure 4.1.

Although a ruling reducing the sentence before March 3, 2008 may be premature, Wood is likely to qualify for resentencing to a term of imprisonment that expires on March 3, 2008, thereby making him eligible for release on that date. Given the substantial likelihood that Wood will be successful on the merits of his motion and the irreparable harm that would result to him if he were to remain incarcerated for a longer period of time than necessary, the government is hereby directed to state its position in writing on Wood's eligibility for resentencing on or

---

[4] 28 U.S.C. § 994(u) states:

If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

before January 22, 2008, and to produce defendant before the undersigned on February 4, 2008, when the motion will be argued.

## Conclusion

For the reasons stated above, the government is hereby directed to state its position in writing on defendant's eligibility for resentencing on or before January 22, 2008, and to produce defendant before the undersigned on Monday, February 4, 2008, in Courtroom No. 6A, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, at 12:00 p.m.  The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge.

SO ORDERED.

Dated:    Brooklyn, New York
          January 15, 2008


        By:    /s/ Charles P. Sifton (electronically signed)
                      United States District Judge