UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

United States of America,                          CR-88-0723(CPS)

               Plaintiff,

  - against -

Michael Anthony Wood,                              MEMORANDUM
                                                   OPINION & ORDER

               Defendant.
------------------------------------------X

On May 2, 1989,[1] Michael Anthony Wood ("Wood") was convicted by a jury of (1) one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846; (2) one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii); (3) one count of using and carrying a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1).  Presently before the Court is defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons stated below, defendant Wood qualifies for release from custody on March 3, 2008.

**Background**

Familiarity with the underlying facts and procedural history of this case, as set forth in prior decisions, is presumed.  Only those facts relevant to the present motion are discussed.

---

[1] The Court's January 15, 2008 and July 19, 2007 memoranda incorrectly stated that Wood was convicted on September 12, 1989.

Defendant was convicted after trial of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and one count of using and carrying a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1).

At the time of Wood's September 12, 1989 sentencing, the United States Sentencing Guidelines ("Sentencing Guidelines") range for defendant's offense was 235 to 292 months, based on an offense level of 38 and a criminal history category of I, including a two point enhancement for obstruction of justice due to defendant's perjury at trial.[2] I sentenced defendant to concurrent sentences of 235 months imprisonment on the conspiracy and substantive drug counts and to a consecutive 60-month prison sentence on the gun count. In a non-published order, issued on March 2, 1990, the Court of Appeals affirmed Wood's conviction.

Wood moved pursuant to 18 U.S.C. § 2241 to vacate his conviction for violating 18 U.S.C § 924(c)(1) and to modify his sentence on the drug counts. In a May 15, 1998 Memorandum Opinion and Order, I vacated Wood's conviction on the gun count

---

[2] Wood's base offense level was 36 because of his possession of between 500 grams and 1.5 kilograms of cocaine base.

in light of *Bailey v. U.S.*, 516 U.S. 137 (1995), and ordered that Wood be re-sentenced on the drug counts.

At the May 20, 1999 re-sentencing, Wood was found to have a total offense level of 40, including a two point enhancement for possession of a gun and an additional two point enhancement for obstruction of justice. With a criminal history of I, the applicable guideline sentencing range was 292 to 365 months. I decided to downwardly depart from that sentence to impose concurrent terms of 264 months on each count, in light of Wood's post-conviction rehabilitation and, "his acknowledgment . . . of his responsibility for both the offense and for testifying falsely during his trial." May 20, 1999 Transcript at 12. The reduction of his sentence by 28 months represented a 9.6 percent downward departure from the guideline sentence.

The expiration date for Wood's present term of imprisonment is April 21, 2011. During his entire period of incarceration, which is approaching nineteen years, no disciplinary action has been taken against the defendant. Wood is expected to have earned 1035 days of credit for good behavior by the time of his projected release date of June 22, 2008. Government Letter, January 22, 2008, at 6. At the time of his release from the custody of the Bureau of Prisons (BOP) he will be transferred to the custody of the Department of Homeland Security (DHS).

On November 1, 2007, Amendment 706, as further amended by

Amendment 711, to Sentencing Guideline § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base ("crack") offenses. On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted to apply the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which will implement the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

Wood filed the present motion *pro se* on December 17, 2007, after the Sentencing Commission voted to apply Amendment 706, as amended by Amendment 711, retroactively to crack offenses. On January 4, 2008, the Court issued an order for the government to show cause why the relief requested in Wood's motion should not be granted. On January 15, 2008, the Court directed the government to state its position on the merits of defendant's claim in writing and to produce defendant before the undersigned for oral argument.

**Discussion**

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify the

sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission.[3] Because the Sentencing Commission voted to apply Amendment 706 retroactively, I may consider Wood's eligibility for a reduction in his sentence.

Under the newly amended Sentencing Guideline § 2D1.1, Wood's base offense level is reduced by two levels to 34. With a two point enhancement for the obstruction of justice and an additional two point enhancement for possession of a gun, Wood's new total offense level is 38. The applicable guidelines sentencing range for a total offense level of 38 is 235 to 293 months. Applying the same downward departure of 9.6 percent that was imposed at the time of Wood's 1999 re-sentencing, Wood's new sentence on each count would be 212 months. *See* U.S.S.G. § 1B1.10(b)(2)(B), p.s.[4] Accordingly, with a reduction in his

---

[3] 18 U.S.C. § 3582(c)(2) states:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

[4] Policy Statement § 1B1.10 states:

If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate.

sentence to 212 months and his accrued good conduct credit, defendant is eligible for release on March 3, 2008.

I next consider the 18 U.S.C. § 3553(a) factors, in particular, the potential threat of the defendant to the safety of the community and the post-sentencing conduct of the defendant. *See* U.S.S.G. § 1B1.10, p.s., comment. (n.1(B)(ii)and(iii))(effective March 3, 2008).

Releasing Wood on March 3, 2008 does not pose a threat to the community. He will be immediately transferred to DHS custody and has previously consented to his removal from the country. Moreover, he has maintained good conduct and no disciplinary action has been taken against him during his entire period of incarceration. This Court has already recognized Wood's post-sentencing rehabilitation by granting a downward departure form the guideline recommended sentence at the time of his 1999 re-sentencing. His rehabilitative efforts at self-improvement have continued to date. Accordingly, defendant Wood will be released on March 3, 2008.

## Conclusion

For the reasons stated above, defendant Michael Anthony Wood is eligible for release on March 3, 2008, and consideration of the 18 U.S.C. § 3553 factors, including his personal characteristics and criminal history, the nature of the

---

U.S.S.G. § 1B1.10(b)(2)(B), p.s.(effective March 3, 2008).

underlying offense, the need for protection of the public, deterrence, just punishment for the offense and respect for the law persuade me that a sentence of time served as of March 3, 2008 is appropriate. The Bureau of Prisons is directed to process defendant Wood for release from custody and to release him on March 3, 2008. The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge.

SO ORDERED.

Dated :   Brooklyn, New York
          February 11, 2008

                    By:    /s/ Charles P. Sifton (electronically signed)
                                     United States District Judge