```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

United States,

                       Plaintiff,            88-CR-723 (CPS)

    - against -                               MEMORANDUM
                                              OPINION AND ORDER
Michael Anthony Wood,

                       Defendant.

-----------------------------------------X
```
SIFTON, Senior Judge.

On September 12, 1989, Michael Anthony Wood was convicted after a jury trial of one count of conspiracy to distribute and to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and one count of using and carrying a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1). Presently before the court is defendant's motion to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1).[1]

**BACKGROUND**

Familiarity with the underlying facts and procedural history

---

[1] 18 U.S.C. § 3583(e)(1) provides that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

of this case, as set forth in prior decisions, is presumed.  *See U.S. v. Wood*, No. CR-88-0723 (CPS), 2008 WL 399253 (E.D.N.Y. Feb. 12, 2008); *Wood v. U.S.*, Nos. CR-88-0723 (CPS), CV-94-4652 (CPS), CV-96-2498 (CPS), CV-02-1678 (CPS), CV-06-2851 (CPS), 2007 WL 2116367 (E.D.N.Y. July 20, 2007).  Only those facts relevant to the present motion are discussed.

Michael Anthony Wood was convicted after a jury trial and sentenced to a period of incarceration of 295 months, followed by a five year period of supervised release.  In 1998, following a 28 U.S.C. § 2255 petition, I vacated the firearm conviction in light of *Bailey v. U.S.*, 516 U.S. 137 (1995), and resentenced the defendant to a term of imprisonment of 264 months.  On March 1, 2002, the defendant filed a second petition pursuant to 28 U.S.C. § 2255, challenging his sentence based on *Apprendi*.  The petition was denied in July of 2007.  On December 17, 2007, defendant filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 706, as further amended by Amendment 711, to Sentencing Guideline § 2D1.1, which generally reduced by two levels the base offense levels applicable to cocaine base ("crack") offenses.  I found that the revised guidelines warranted a reduction in defendant's sentence by 52 months, to 212 months, and that, as of the date of my Order, the defendant had already been imprisoned for a greater period of time than 212 months.  Accordingly, on February 12, 2008, I resentenced defendant to "the period of time he will have served

as of 3/3/2008," the date on which the revised guidelines took effect (and thus the earliest date on which defendant could be released). The sentence was to be followed by a five year period of supervised release.

The defendant was released on March 4, 2008. On June 19, 2009, defendant made the present motion for an early termination of his supervised release.

## DISCUSSION

A defendant is eligible for an early termination of supervised release "after the expiration of one year of supervised release," provided that the Court "is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice," including consideration of the factors listed in 18 U.S.C. § 3553(a). 18 U.S.C § 3583(e).

While excess prison time will not automatically reduce the length of the supervised release that follows because "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration," the court may take into account equitable considerations in determining whether to modify or terminate a defendant's term of supervised release. *U.S. v. Johnson*, 529 U.S. 53, 60, 120 S.Ct. 1114 (U.S. 2000); *see also* U.S.S.G § 1B1.10 cmt. n. 4(B) (court may consider any reduction

it was unable to grant on a completed sentence "in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1)").

The defendant has served at least one year of supervised release, and while on supervised release, has followed all instructions of the United States Probation Department. The Government's sole objection to termination of defendant's supervised release was that defendant not be granted an early termination at least until he finds employment, which is a condition of the defendant's supervised release. The Government does not contest that defendant is now employed. *See* Defendant's Reply to Gov't Opp., filed September 30, 2009 (stating that the defendant has secured employment). I conclude that an early termination of defendant's supervised release is warranted by defendant's post-sentencing rehabilitative efforts,[2] admirable conduct while on supervised release, and the considerable additional duration of defendant's imprisonment caused by the fact that the retroactive amendment to the Sentencing Guidelines concerning crack cocaine offenses took effect only shortly before defendant was otherwise scheduled for release.[3] The Probation Department is directed that defendant's term of supervised

---

[2] *See U.S. v. Wood*, No. CR-88-0723 (CPS), 2008 WL 399253 (E.D.N.Y. Feb. 12, 2008) (noting defendant's post-sentencing rehabilitative efforts).

[3] The Government does not contest defendant's assertion that although the revised sentence imposed on February 12, 2009 found defendant was entitled to a 52 month reduction in his sentence, he was only able to benefit from three months of that reduction because his scheduled release date would otherwise have been three months later, in May of 2009.

release is terminated as of the date of this Order. The Clerk is hereby directed to transmit a copy of the within to the parties.

SO ORDERED.

Dated:   Brooklyn, New York
         October 8, 2009

                    By: /s/ Charles P. Sifton (electronically signed
                            United States District Judge